UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JONES,

    Petitioner,       Case No. 2:13-CV-10132
        Hon. Avern Cohn
v.

WILLIAM SMITH,

    Respondent.
_____/

## ORDER DISMISSING PETITION
## AND
## DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Samuel Jones, ("Petitioner"), is a state prisoner proceeding pro se.  Petitioner challenges the Michigan Parole Board's refusal to grant him parole.  For the reasons that follow, the petition will be dismissed for failure to state a claim upon which habeas relief may be granted.  The Court will also deny a certificate of appealability.

### II. Background

Petitioner was convicted after a jury trial in state court of one count of second-degree murder.  He was sentenced on March 22, 1999, to a term of 18-to-35 years imprisonment.  Petitioner alleges that on February 29, 2012, he was interviewed by one member of the Michigan Parole Board, and he was given a "high probability" of parole.  Nevertheless, on March 5, 2012, Petitioner was denied parole and received a twelve-month continuance until he is next considered for parole.

The petition does not enumerate any claims, but it states in pertinent part: "Petitioner contends that the parole board's reasons for departure from his 'high probability' of parole guideline score did not comport to procedural due process." Petition, at 36.

### III. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Here, the petition fails to raise a federal claim. There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, the relevant statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result. See MICH. COMP. LAWS §§

791.233b, .234, .235.  No statutory provision requires parole for any eligible prisoner under any circumstances.  Rather, the statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(7).  Relying upon these provisions of Michigan statutory law, the Court of Appeals for the Sixth Circuit has held that the Michigan system does not create a liberty interest in parole.  *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).

Therefore, the Michigan Parole Board's failure or refusal to grant Petitioner parole does not implicate a federal right.  In the absence of a liberty interest, Petitioner fails to state a claim for a violation of his procedural due process rights.  The petition must therefore be dismissed because it does not raise a claim upon which habeas relief may be granted.

### IV.  Certificate of Appealabilty

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has not meet the standard for a certificate of appealability.  Because Petitioner does not

have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim.

### V. Conclusion

For the reasons stated above, the petition is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED.

_____

 S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 23, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami_____
Case Manager, (313) 234-5160